**ROBERT S. SOLA**
Oregon State Bar No. 844541
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
Telephone (503) 295-6880
Facsimile (503) 243-4546
rssola@msn.com

**KELLY D. JONES**
Oregon State Bar No. 074217
The Law Office of Kelly D. Jones
Direct 503-847-4329
kellydonovanjones@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **TRUNG HA**, | Case No. 3:21-cv-01613 |
| Plaintiff, | |
| v. | COMPLAINT |
| | (Fair Credit Reporting Act) |
| **EQUIFAX INFORMATION SERVICES, LLC,** and | |
| **CIC MORTGAGE CREDIT INC.** | DEMAND FOR JURY TRIAL |
| Defendants. | |

1.

The Court has subject matter jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p and has both general and specific personal jurisdiction over both Defendants.

COMPLAINT-Page 1

Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and the acts, transactions, and harms that give rise to this action occurred in substantial part in this District.

2.

Plaintiff Trung Ha ("Plaintiff") is a consumer as defined by the FCRA, § 1681a(c) who resides in Multnomah County, Oregon.

3.

Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by the FCRA, § 1681a(f).

4.

Defendant CIC Mortgage Credit Incorporated ("CIC") is a consumer reporting agency and a reseller as defined by the FCRA at 15 U.S.C. § 1681a(f) and (u).

5.

Plaintiff and his sister Phuong Ha ("sister") are the victims of having their consumer reports and credit files merged into one file by Equifax, and victims of merged consumer reports prepared and furnished by Equifax and CIC. Equifax and CIC merged the previously separate credit files of Plaintiff and his sister no later than 2015, so that there was only a single credit file for both Plaintiff and his sister. The merging occurred despite that fact that Plaintiff and his sister have different names, social security numbers and dates of birth. The merged file continued until at least 2020.

6.

Equifax prepared and furnished merged consumer reports containing information belonging to both Plaintiff and his sister to third parties from 2015 until at least 2020. These

inaccurate merged consumer reports were furnished on at least nine separate occasions, to persons who requested Plaintiff's consumer report and to persons who requested his sister's consumer report.

7.

Equifax was notified by Plaintiff's sister that it was furnishing inaccurate consumer reports through four written disputes sent to Equifax in 2017 and 2018, some of which contained copies of the merged reports. Yet, Equifax would not correct the reports or unmerge the files of Plaintiff and his sister.

8.

During the years when the files were merged, Equifax wrongfully provided Plaintiff's credit and personal information to persons who requested a credit report about his sister, although Equifax had no reason to believe that Plaintiff was involved in a credit transaction with the person requesting the report.

9.

In late 2019, Plaintiff applied to obtain a home mortgage. Equifax prepared and furnished a consumer report on Plaintiff that included inaccurate information.

10.

On January 10, 2020, Equifax prepared and furnished a consumer report about Plaintiff to CIC, with the knowledge that the report would be furnished to Habitat for Humanity, that contained inaccurate information, including information that belonged to Plaintiff's sister.

11.

In the years 2015 to 2020, CIC prepared and furnished nine consumer reports about Plaintiff to Habitat for Humanity that contained information belonging to Plaintiff and his sister.

12.

CIC was aware that it was reporting inaccurate information about Plaintiff because the reports it furnished to Habitat for Humanity contained Plaintiff's name and social security number as well as his sister's name, her date of birth and her social security number. In April 2018, a person at Habitat for Humanity notified CIC that its report provided to Habitat for Humanity contained inaccurate information. Despite this notice and knowledge, CIC continued to furnish inaccurate consumer reports about Plaintiff.

13.

Between 2015 and 2019, CIC wrongfully provided Plaintiff's credit and personal information to persons who requested a credit report about his sister, although CIC had no reason to believe that Plaintiff was involved in a credit transaction with the person requesting the report.

14.

On January 10, 2020, CIC prepared and furnished a consumer report on Plaintiff to Habitat for Humanity, that contained inaccurate information, including information that belonged to Plaintiff's sister.

FIRST CLAIM FOR RELIEF

(Against Equifax)

(Negligent Noncompliance with the FCRA)

15.

Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

16.

Equifax negligently failed to comply with the requirements of the FCRA.

17.

As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including loss of credit, economic loss, damage to reputation and creditworthiness, emotional distress, invasion of privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

18.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

(Against Equifax)

(Willful Noncompliance with the FCRA)

19.

Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

20.

Equifax willfully failed to comply with the requirements of the FCRA.

21.

As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including loss of credit, economic loss, damage to reputation and creditworthiness, emotional distress, invasion of privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

22.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

THIRD CLAIM FOR RELIEF

(Against CIC)

(Negligent Noncompliance with the FCRA)

23.

Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

24.

CIC negligently failed to comply with the requirements of the FCRA.

25.

As a result of CIC's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including loss of credit, economic loss, damage to reputation and creditworthiness, emotional distress, invasion of privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

26.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

FOURTH CLAIM FOR RELIEF

(Against CIC)

(Willful Noncompliance with the FCRA)

27.

Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

28.

CIC willfully failed to comply with the requirements of the FCRA.

29.

As a result of CIC's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including loss of credit, economic loss, damage to reputation and creditworthiness, emotional distress, invasion of privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

30.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

31.

Plaintiff requests a jury trial on all claims.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On All Claims for Relief:

1. Costs and expenses incurred in the action.

DATED this 4th day of November 2021.

    Respectfully submitted,

    s/ Robert S. Sola
    Robert S. Sola, OSB No. 844541
    Robert S. Sola, P.C.
    1500 SW First Avenue, Suite 800
    Portland, Oregon 97201
    Telephone (503) 295-6880
    Facsimile (503) 243-4546
    rssola@msn.com
    Lead Attorney for Plaintiff

    s/ Kelly D. Jones
    Kelly D. Jones, OSB No. 074217
    The Law Office of Kelly D. Jones
    819 SE Morrison St., Suite 255
    Portland, OR 97214
    Telephone (503) 847-4329
    kellydonovanjones@gmail.com

    Attorneys for Plaintiff